UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HODGDON, JENNIFER,   CASE NO.:

    Plaintiff,

v.

GCF INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER HODGDON, ("Plaintiff" or "Ms. Hodgdon"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), seeking recovery from GCF INC., ("GCF" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Okaloosa County, Florida.

3. Defendant is a Foreign Profit Corporation that is located and does business in Okaloosa County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Okaloosa County, Florida, and therefore the proper venue for this case is the Pensacola Division of the Northern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for GCF, most recently as an Office Manager and Accounts Receivable Specialist, from July 14, 2015, until her unlawful termination on May 6, 2021.

8. On December 22, 2020, Ms. Hodgdon suffered a stroke, likely due to a COVID-19 infection.

9. Ms. Hodgdon's stroke left her suffering serious health conditions such as aphasia and apraxia of speech, numbness, immobility, and cognitive difficulties.

10. Shortly after her stroke, Ms. Hodgdon informed GCF of her serious health conditions and need for leave.

11. Accordingly, Plaintiff informed Defendant's managers, including Owners, Bryan Pettigrew and Allison Pettigrew ("Ms. Pettigrew"), and Supervisor, Doug Landry ("Mr. Landry"), of her ongoing and disabling serious health condition, a qualifying event under the FMLA.

12. Plaintiff's disclosure should have prompted GCF to inform Plaintiff of her rights and obligations pursuant to the FMLA – it failed to do so.

13. GCF's failure to do so constituted FMLA interference and is actionable.

14. On April 27, 2021, Ms. Hodgdon reached out to GCF Owner, Allison Pettigrew, and expressed her desire to return to work, the latter ignored Plaintiff's communications.

15. On May 6, 2021, Mr. Landry asked Ms. Hodgdon to come to GCF's premises to, "go over everything."

16. During that meeting, Mr. Landry informed Ms. Hodgdon that GCF had decided to terminate her employment, effective immediately due to "outsourcing."

17. It is clear that GCF retaliated against Ms. Hodgdon based on her serious health condition and her decision to take what should have been considered FMLA leave.

18. Any other "reason" theorized after the fact by GCF for its termination of Plaintiff's employment is pure pretext.

19. GCF's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing her serious health condition and for taking what should have been protected FMLA leave.

20. GCF's actions were unlawful and constitute actionable violations of the FMLA.

21. Plaintiff was unquestionably engaging in statutorily protected conduct (disclosing her serious health condition and requesting leave), and unquestionably suffered an adverse employment action (termination).

22. The timing of GCF's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's *prima facie case*. *See Brungart,* 231 F.3d at 799 ("[t]he general rule is that close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection").

23. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

24. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

25. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

26. The timing of Plaintiff's disclosure of her use of what should have been protected FMLA leave and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

27. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use of what should have been protected FMLA leave.

28. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

29. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

30. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## **COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30, above.

32. At all times relevant hereto, Plaintiff was protected by the FMLA.

33. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

34. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide her with FMLA paperwork or to advise her of his rights and responsibilities under the FMLA in response to her disclosures regarding her

serious health condition/need for leave, and by refusing to allow Plaintiff to exercise his FMLA rights freely.

35. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30, above.

38. At all times relevant hereto, Plaintiff was protected by the FMLA.

39. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

40. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her use of what should have been FMLA-protected leave.

41. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her need for leave pursuant to the FMLA.

42. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

43. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 16th day of January, 2023.

Respectfully Submitted,

/s/ *Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324

>Telephone: (866) 344-9243
>Facsimile: (954) 337-2771
> E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*